UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Raymundo Aulis Morales, also known as<br>Raymundo Morales-Flores,<br><br>    Defendant. | Crim. No. 17-314 (SRN/BRT)<br><br><br><br>**REPORT AND<br>RECOMMENDATION** |

Diane Dodd, Esq., Assistant United States Attorney, counsel for Plaintiff.

Bruce D. Nestor, Esq., De Leon & Nestor, LLC, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

## INTRODUCTION

Defendant Raymundo Aulis Morales is charged with illegal reentry of an alien in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (Doc. No. 1.) This matter is before the Court on Defendant's Motions to Dismiss. (Doc. Nos. 17, 18). The Government filed a full response in opposition. (Doc. No. 25.) Defendant filed a reply brief on February 5, 2018. (Doc. No. 28.) On February 6, 2018, the Court held a hearing on the motions at which the parties were represented by counsel. As discussed below, the Court recommends that Defendant's motions be denied.

## BACKGROUND

On July 25, 2005, Defendant was convicted of robbery in violation of Ohio state law, Ohio Revised Code § 2911.02(A)(2). After this conviction, and while Defendant was in state prison, the Government began the process of removing him from the United States. Rather than setting a traditional removal hearing before an Immigration Judge, the Government initiated an administrative removal process, authorized by 8 U.S.C. § 1228(b), which is reserved for individuals who lack lawful permanent resident status and who have been convicted of an "aggravated felony."

Pursuant to the administrative removal process, on August 8, 2005, the Government served Defendant with a Notice of Intent to Issue a Final Administrative Removal Order on a Form I-851 ("Notice of Intent"). The Notice of Intent stated that Defendant was amenable to administrative removal proceedings based on the allegations that (1) he was not a citizen of the United States; (2) he was a citizen of Mexico; (3) he entered the United States at an unknown place on an unknown date without inspection; (4) he was not lawfully admitted for permanent residence; and (5) he had been convicted on July 25, 2005 of "ROBBERY in violation of Section 2911.02(a)(2) of the Ohio Revised Code." (Doc. No. 25, Attach. 1 at 2 of 3.) The Notice of Intent expressly informed Defendant that he was deportable because he was "convicted of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. 1101(a)(43)." (*Id.*) The Notice of Intent also expressly informed Defendant that pursuant to section 238(b) of the Immigration and Nationality Act, the Notice of Intent was being served upon Defendant "without a hearing before an immigration judge." (*Id.*) Under the section titled "Your

Rights and Responsibilities," among other things, the Notice of Intent stated the following: "You may seek judicial review of any final administrative order by filing a petition for review within 14 calendar days after the date such final administrative order is issued, or you may waive such appeal by stating, in writing, your desire not to appeal." (*Id.*) He was also told he "may be represented (at no expense to the United States government) by counsel, authorized to practice in this proceeding" and if he "wish[ed] legal advice and cannot afford it, [he] may contact legal counsel from the list of available free legal services provided to you." (*Id.*)

The second page of the Notice of Intent contains two sections, one marked "I Wish to Contest and/or Request Withholding of Removal," and one marked "I Do Not Wish to Contest or Request Withholding of Removal." (*Id.* at 3 of 3.) Beneath the section marked "I Do Not Wish to Contest or Request Withholding of Removal," the box next to the following paragraph was checked. This paragraph states:

> **I Do Not Wish to Contest or Request Withholding of Removal**
>
> ☒ I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I do not wish to request withholding or deferral of removal. I wish to be removed to ___MEXICO___ .

Immediately below that paragraph, the box was checked next to the sentence "I also waive the 14 day period of execution of the Final Removal Order." (*Id.*) Defendant's signature is immediately below that sentence, along with the signature of a witness. (*Id.*) The second page of the Notice of Intent also reflects that an interpreter by the name of Joseph P. Laws "explained and/or served this Notice of Intent to the alien in the English and Spanish language." (*Id.*)

3

On August 18, 2005, a Final Administrative Removal Order Under Section 238(b) of the Immigration and Nationality Act issued. Based on the allegations set forth in the Notice of Intent and evidence contained in the administrative record, an Immigration and Naturalization Service Officer found that Defendant was "not a citizen or national of the United States" and was "not lawfully admitted for permanent residence"; had "a final conviction of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. 1101 (a)(43)" and was "ineligible for any relief from removal that the Attorney General may grant in an exercise of discretion"; and was "deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii)." (*Id.* at 1 of 3.) On March 31, 2007, after completion of his state prison sentence, Defendant was removed from the United States.

Defendant subsequently reentered the United States and was found in November 2017, in Minnesota. On December 12, 2017, Defendant was charged by Indictment for illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2).

On January 10, 2018, Defendant filed the motions to dismiss that are presently before the Court. (Doc. Nos. 17, 18.) Defendant seeks dismissal because the current charges for illegal reentry are based on the prior Final Administrative Order of Removal, which he contends is invalid on due process grounds and therefore may not serve as the basis for an element of a criminal charge under 8 U.S.C. § 1326(a) or (b)(2). In particular, Defendant contends that the Government did not obtain a knowing waiver of his right to contest or appeal the administrative removal order, and Defendant contends that his Ohio

4

conviction for robbery in 2005 is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). Further, because Defendant contends that his Ohio conviction for robbery is not an aggravated felony, and an aggravated felony is required to sustain a conviction under 8 U.S.C. § 1326(b)(2), in a second motion Defendant requests that the charge under 8 U.S.C. § 1326(b)(2) be dismissed. The Government disagrees.

## DISCUSSION

A defendant facing prosecution for a violation of 8 U.S.C. § 1326 may collaterally attack the underlying deportation proceedings and prevent the Government from using resulting orders of removal as a basis for conviction if three requirements are met. Two of the requirements come from the Supreme Court decision *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987), and require: "(1) an error in the deportation proceedings rendered the proceedings fundamentally unfair in violation of due process, and (2) the error functionally deprived the alien of the right to judicial review." *United States v. Aragon-Ruiz*, 551 F. Supp. 2d 904, 918 (D. Minn. 2008) (quoting *United States v. Mendez-Morales*, 384 F.3d 927, 929 (8th Cir. 2004)); *see also United States v. Herrara-Perez*, 265 F. Supp. 2d 1097, 1099 (D.N.D. 2003) (citing *Mendoza-Lopez*, 481 U.S. 828, 840 (1987); *United States v. Torres-Sanchez*, 68 F.3d 227, 230 (8th Cir. 1995); *United States v. Perez-Ponce*, 62 F.3d 1120, 1122 (8th Cir. 1995); *United States v. Encarnacion-Galvez*, 964 F.2d 402, 406 (5th Cir. 1992)). To collaterally attack the underlying deportation proceedings, a defendant is also required to meet a third

requirement – exhaustion of administrative remedies. 8 U.S.C. § 1326(d).[1] "These three requirements are conjunctive, and a defendant must establish all three prongs to prevail." *Aragon-Ruiz*, 551 F. Supp. 2d at 919.

Defendant argues that his underlying removal order was based on the incorrect conclusion that robbery in violation of Ohio Revised Code § 2911.02(A)(2) is an "aggravated felony." Assuming that error, he argues that immigration officials failed to advise him of his proper eligibility for relief, which then eliminated his right to seek judicial review and rendered his deportation process fundamentally unfair. He argues he was necessarily prejudiced by the errors because he was removed when he should not have been, and he was further prejudiced by not being afforded the opportunity to seek voluntary departure. Defendant also argues that he did not knowingly waive his right to administrative remedies or judicial review because the form Notice of Intent did not state that he could refute the legal conclusion underlying his removability, he did not speak or

---

[1]   8 U.S.C. § 1326(d) codified the Supreme Court's decision in *Mendoza-Lopez* and its progeny, and states the following:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in section (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that –
>
> > (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> > (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> > (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d); *see also United States v. Rodriguez*, 420 F.3d 831, 833 (8th Cir. 2005) (recognizing § 1326(d) as a codification of *Mendoza-Lopez*).

read English, and he was in state prison at the time he was presented with the Notice of Intent without access to counsel.

## I.   Failure to Exhaust Administrative Remedies

The Government argues that Defendant's motion to dismiss should be denied because he failed to exhaust his administrative remedies, the first prong of 8 U.S.C. § 1326(d). Instead of responding to the charge that he was deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43) and submitting information to rebut the charge, Defendant signed the portion of the Form I-851 Notice of Intent admitting the allegations and charge against him, admitting that he was deportable and not eligible for any form of relief of removal, waiving his right to contest and rebut his removal, waiving his right to file a petition for review of the Final Removal Order, and stating that he did not wish to request withholding or deferral of removal. (Doc. No. 25 at 3 of 3.) Defendant did not address the issue of exhaustion of remedies.

The only evidence presented at the hearing before this Court regarding further remedies was that Defendant was served with and signed a Form I-851, acknowledging his receipt of the Notice of Intent on August 8, 2005, at 11:00. (*Id.*) At 11:20 on August 8, 2005, Defendant then signed the portion of the Form I-851 waiving his right to contest his removal proceedings. (*Id.*) There is no evidence that Defendant was precluded from exercising his administrative remedies. The Form I-851 expressly notified Defendant of his right to "seek judicial review of any final administrative order by filing a petition for review within 14 calendar days after the date such final administrative order is issued

. . ." (*Id.* at 2 of 3.) No evidence was presented that Defendant filed or even attempted to file a petition for review of the final removal order. Although Defendant's attorney argued that Defendant did not knowingly waive his right to administrative remedies or judicial review because he did not speak or read English and was in state prison at the time he was presented with the Notice of Intent without access to counsel, attorney argument is not evidence.

There is also no evidence that Defendant did not fully understand the Form I-851. To the contrary, the Form I-851 reflects that an interpreter explained the Notice of Intent to Defendant in both English and Spanish. (*Id.* at 3 of 3.) Because there is no evidence to support Defendant's arguments that he was either coerced into waiving his rights to challenge the Notice of Intent or that he did not understand the nature of the rights available to him or what he was waiving, this Court concludes that Defendant has not met his burden of showing that he exhausted all of his administrative remedies or that he was prevented from doing so. *See Aragon-Ruiz*, 551 F. Supp. 2d at 921 (making a similar finding under similar circumstances). Therefore, Defendant fails to meet the first prong of 8 U.S.C. § 1326(d).

**II.    Opportunity for Judicial Review**

The second prong of § 1326(d) addresses whether the deportation proceedings at which the deportation order was issued improperly deprived the alien of the opportunity for judicial review. Section 1252(a)(2)(C) provides that " . . . except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense

covered in section . . . 1227(a)(2)(A)(iii) . . . ." However, § 1252(a)(2)(D) states that "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Consistent with 8 U.S.C. § 1252(a)(2)(D), the Notice of Intent informed Defendant of his right to seek judicial review of any final removal order by filing a petition for review within 14 calendar days after the date such final administrative order was issued.

In this case, the key claim raised by Defendant is whether or not his underlying conviction constituted an aggravated felony under 8 U.S.C. § 1101(a)(43) such that Defendant was eligible for expedited deportation proceedings. This is a question of law that Defendant could have argued to the appropriate U.S. Court of Appeals. He did not pursue this judicial remedy. Defendant cannot claim now a deprivation of his right to judicial review because he was entitled to judicial review. *See Aragon-Ruiz*, 551 F. Supp. 2d at 922 (concluding that claims concerning whether or not defendant's underlying conviction constituted an aggravated felony such that defendant was eligible for expedited deportation proceedings was a question of law that could have been reviewed by the appellate court). Therefore, this Court finds that Defendant was not deprived of his opportunity for judicial review, and the second prong of 8 U.S.C. § 1326(d) is not met.

### III. Fundamental Unfairness

The final prong under 8 U.S.C. § 1326(d) requires the Court to determine whether the entry of the deportation order was fundamentally unfair. "An underlying removal order is 'fundamentally unfair' if: '(1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.'" *Aragon-Ruiz*, 551 F. Supp. 2d at 922 (quoting *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004)).

#### A. Due Process Rights are Not Violated by Alleged Defects

Defendant first argues that his conviction of robbery under Ohio Revised Code § 2911.02(A)(2) was not an aggravated felony, and therefore the prior removal order premised on that aggravated felony and his ultimate removal violated his due process rights. (Doc. No. 20, Def.'s Mem. in Supp. of Mots. to Dismiss 4 (citing *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015).) In particular, Defendant argues that his conviction for robbery fails to qualify as an "aggravated felony" theft offense under 8 U.S.C. § 1101(a)(43)(G) because the robbery statute is categorically overbroad with respect to a "generic theft" offense. Defendant argues that because of the mistake in categorizing his robbery as an aggravated felony, and because the Form I-851 did not inform Defendant of the specific basis for determining that his conviction was an aggravated felony (*i.e.*, that it was a crime of violence), he was not properly informed of his eligibility for relief from removal in violation of his due process rights. Defendant also contends that the Form I-851 did not advise him that he could challenge the legal determination that his conviction for robbery constituted an aggravated felony as defined

10

by 8 U.S.C. § 1101(a)(43), instead implying that only factual and not legal challenges to the I-851 could be made. The Government asserts that Defendant's 2005 Ohio Robbery conviction is an aggravated felony because it is a "crime of violence" as defined by 8 U.S.C. § 1101(a)(43)(F). (Doc. No. 25, Gov'ts Consolidated Resp. to Def.'s Pretrial Mots. 9.) The Government further argues that the Form I-851 gave Defendant proper notice and did not violate Defendant's due process rights.

In support of the proposition that Defendant was charged with a "theft" offense as defined by 8 U.S.C. § 1101(a)(43)(G)—rather than a crime of violence under § 1101(a)(43)(F)—he points to a separate Form I-213, Record of Deportable/ Inadmissible Alien, prepared on the same day as the Notice of Intent by the same person, Joseph P. Laws, who served as the witness and interpreter for the Notice of Intent. In the narrative portion of the Form I-213, Mr. Laws stated:

> On July 25, 2005, SUBJECT was convicted in the Hamilton County Court of Common Pleas [at] Cincinnati, Ohio for one (1) count of the offense of ROBBERY, in violation of Section 2911.02(a)(2) of the Ohio Revised Code (ORC) with a sentence of two (2) years imposed. SUBJECT meets the definition of AGGRAVATED FELON as described in Section 101(A)(43)(G) of the Immigration and Nationality Act (INA).

(Doc. No. 28, Attach. 1 at 5 of 6.) However, there is no evidence showing that the Form I-213 was served on Defendant. And importantly, neither subsection (G) or (F) were referenced in the Notice of Intent that was served on Defendant. The question here is whether the Notice of Intent was fundamentally unfair as written and served on Defendant.

Regarding Defendant's contention that he was deprived of fundamental fairness because the Form I-851 did not advise him that he could challenge the legal determination that his conviction for robbery constituted an aggravated felony, or because the Form I-851 did not advise him of the specific basis for determining his conviction amounted to an aggravated felony, this Court disagrees. The Form informed Defendant, under the title "Charge," of the following: "You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii) as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. 1101(a)(43)." (Doc. No. 25 at 2 of 3.) Immediately above that paragraph, Defendant was told that the Immigration and Naturalization Service had determined that he had been convicted of the "offense of ROBBERY in violation of Section 2911.02(a)(2) of the Ohio Revised Code for which the term of imprisonment imposed was two (2) years." (*Id.*) The fact that subsection (G) or (F) were not referenced does not make the notice defective. See *Aragon-Ruiz*, 551 F. Supp. 2d at 924 (concluding that a Notice of Intent that referenced the specific state assault charge along with a statement that the defendant had been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43) provided reasonable notice). Further, a few paragraphs later, beneath the title "Your Rights and Responsibilities," Defendant was told he may "rebut the charges stated above (with supporting evidence)" and "request an opportunity to review the government's evidence." (*Id.*) As found in *Aragon-Ruiz*, where a similar Notice of Intent Form was served on the defendant:

> The Form I-851 informed [D]efendant of the charge, the basis for the charge and that he could rebut[] the charge. Thus, contrary to his contention, [D]efendant was given reasonable notice of the charge as required by 8 U.S.C. § 1228(b)(4)(A) and 8 CFR § 238.1(b)(2)(i) and the opportunity to refute it factually and legally. Nothing in the Form suggested otherwise.

*Aragon-Ruiz*, 551 F. Supp. 2d at 924. Therefore, this Court concludes that Defendant's rights to fundamental fairness and due process were not violated based on what was contained in the Notice of Intent.

Defendant also argues his underlying deportation proceeding was defective, and his due process rights were violated, because he was incarcerated without counsel and did not speak English at the time he was presented with the Notice. These conditions did not make his underlying deportation proceedings fundamentally unfair. "[I]t is frequently the case that a person awaiting deportation under § 1228(b) is in custody." *Id.* Moreover, an interpreter explained the Notice of Intent to Defendant in both English and Spanish (Doc. No. 25 at 3 of 3), and Defendant was informed that he could be represented by counsel and was provided a list of attorneys who provide free legal services. (*Id.* at 2 of 3.)[2] For these reasons, this Court finds that Defendant's rights to fundamental fairness and due process were not violated.

### B. No Prejudice

In addition, the Court concludes that Defendant did not experience prejudice as a result of any of the alleged defects. "In the context of a Section 1326 prosecution, a showing of prejudice means there was a reasonable likelihood that, but for the errors

---

[2] These things were noted on the Notice of Intent Form given to Defendant. There is no evidence in the record to the contrary.

13

complained of, the defendant would not have been deported." *Herrara-Perez*, 265 F. Supp. 2d at 1099 (citing *Perez-Ponce*, 62 F.3d at 1122). Defendant asserts he suffered prejudice from the alleged erroneous entry of the Final Administrative Order of Removal because it deprived him of an opportunity to seek voluntary departure.

Defendant was convicted of robbery in violation of Ohio Revised Code § 2911.02(A)(2). This statute provides that a person has committed the offense of robbery when, "in attempting or committing a theft offense or in fleeing immediately after the attempt or offense" he does any of the following: "Inflict, attempt to inflict, or threaten to inflict physical harm on another." *Id.* The Sixth Circuit recently noted in an opinion that it "ruled that even Ohio Rev. Code § 2911.02(A)(2), the lesser included form of robbery [which is the form of robbery at issue here], counts as a violent felony under the elements clause." *United States v. Patterson*, 853 F.3d 298, 303 (6th Cir. 2017) (citing *United States v. Finley*, No. 15–6222, at 2–3 (6th Cir. Feb. 22, 2017)).[3] Any alien who is

---

[3] Because this Court concludes that Defendant did not exhaust administrative remedies and was not deprived of an opportunity for judicial review, as discussed above, the Court need not have to address the final prong in 8 U.S.C. § 1326(d). Therefore, the Court also need not, at this stage, conclusively find that Defendant's robbery conviction was an aggravated felony.

In a related second motion, Defendant requests that the charge under 8 U.S.C. § 1326(b)(2) be dismissed from the Indictment since an aggravated felony is required to sustain a conviction under 8 U.S.C. § 1326(b)(2). Defendant asserts that the maximum statutory penalty under 8 U.S.C. § 1326(a)—which he is also charged under in the Indictment—is two years imprisonment, while the maximum statutory penalty under 8 U.S.C. § 1326(b)(2) is twenty years imprisonment. (Doc. No. 18.) He asserts he is entitled to a pre-trial determination of this issue so that he knows the maximum possible penalty that can be imposed if he is convicted at trial. (*Id.*) In light of the Sixth Circuit's view on Ohio's robbery statute, and because a determination of maximum statutory

(Footnote Continued on Following Page)

convicted of an aggravated felony at any time after admission is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). Therefore, even if Defendant had an immigration hearing, he—as an alien convicted of an aggravated felony—would be conclusively presumed deportable. *See* 8 U.S.C. § 1228(c); *see also Perez-Ponce*, 62 F.3d at 1122 (finding that as a previously convicted drug trafficker, the appellee was presumed to be deportable). And because Defendant was presumptively deportable due to his conviction for an aggravated felony, he cannot establish actual prejudice. *See Aragon-Ruiz*, 551 F. Supp. 2d at 924 (citing cases). Furthermore, because the Sixth Circuit considers robbery under Ohio Rev. Code § 2911.02(A)(2) a violent felony, Defendant would have been deported regardless of whether he had been eligible to seek voluntary departure or was subjected to expedited removal. Therefore, he has not shown that, but for the lack of a hearing, there was a reasonable likelihood that he would not have been deported. *See Perez-Ponce*, 62 F.3d at 1122.

## CONCLUSION

Because Defendant has not exhausted his administrative remedies, cannot establish that he was deprived of judicial review to which he was entitled, and cannot establish that the underlying removal order was fundamentally unfair, he has not satisfied the three prongs required to collaterally attack the deportation order. This Court therefore recommends that Defendant's motion to dismiss be denied.

---

(Footnote Continued from Previous Page)
penalties is better determined by the sentencing judge, this Court recommends denying Defendant's motion to dismiss the § 1326(b)(2) charge.

# RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (Doc. No. 17) be **DENIED**; and

2. Defendant's Motion to Dismiss 8 USC § 1326(b)(2) Charge (Doc. No. 18) be **DENIED**.

Date:  March 8, 2018                                *s/ Becky R. Thorson*
                                                    BECKY R. THORSON
                                                    United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b), any party may file and serve specific written objections to this Report and Recommendation by **March 22, 2018**. A party may respond to those objections by **April 5, 2018**. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 7 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 7 days after the objections are filed; or (2) from the date a timely response is filed.

**Transcript:** Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.