UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Raymundo Aulis Morales,<br><br>Defendant. | Case No. 17-cr-00314 (SRN/BRT)<br><br>**MEMORANDUM OPINION AND ORDER** |

Dianne Dodd, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for the Government.

Bruce D. Nestor, De Leon & Nestor, LLC, 3547 Cedar Avenue South, Minneapolis, Minnesota 55407, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

### I.   INTRODUCTION

This matter is before the Court for consideration of Defendant Raymundo Aulis Morales' Objections [Doc. No. 33] ("Objs.") to Magistrate Judge Becky R. Thorson's March 8, 2018 Report and Recommendation [Doc. No. 32] ("R&R"). The magistrate judge recommended the denial of Defendant's Motions to Dismiss [Doc. Nos. 17, 18]. For the reasons set forth below, the Court overrules Defendant's Objections and adopts the R&R in its entirety.

1

## II.   BACKGROUND

The R&R documents the relevant factual and procedural background of this case, and the Court incorporates it by reference.  Briefly stated, the Government initiated administrative removal proceedings in 2005 after Defendant was convicted of robbery under Ohio Revised Code § 2911.02(A)(2).  (Government's Consolidated Resp. to Def.'s Pre-Trial Mots. [Doc. No. 25] ("Gov't Resp."), Exhibit A [Doc. No. 25-1] (Notice and Removal Order).)  While Defendant was incarcerated for that offense, the Government served him with a Notice of Intent to Issue a Final Administrative Order on a Form I-851 ("Form I-851").

The Form I-851 stated that Defendant was deportable because he had been convicted of an aggravated felony, that Defendant had a right to counsel and could consult free legal counseling providers, and that Defendant had a right to "rebut the charges stated above (with supporting evidence)" and "seek judicial review of any final administrative order by filing a petition for review." (*Id.* at 2.)  Interpreter Joseph P. Laws attested that he explained the notice to Defendant in Spanish and English.  (*Id.* at 3.)  Defendant checked a box admitting the allegations in the Form I-851 and waiving the right to rebut the charges and to file a petition for review, and signed the Form I-851 on August 5, 2005.  (*Id.*)  The United States Department of Justice issued a Final Administrative Removal Order on August 18, 2005. (*Id.* at 1.)  Defendant was deported to Mexico in 2007.  (Indictment [Doc. No. 1].)

Defendant subsequently reentered the United States and was found in November 2017.  (*Id.*)  On December 12, 2017, he was charged by Indictment with one count of unlawful reentry under 8 U.S.C. § 1326(a) and § 1326(b)(2). (*Id.*)

2

Defendant filed two motions to dismiss. In the First Motion to Dismiss [Doc. No. 17], Defendant asks the Court to dismiss the case because the removal order is invalid and may not serve as the basis for an unlawful reentry charge. In his Second Motion to Dismiss [Doc. No. 18], Defendant asks the Court to determine as a matter of law that he is not guilty under 8 U.S.C. § 1326(b)(2) because his robbery conviction is not an aggravated felony. Magistrate Judge Thorson recommended denying the motions. The magistrate judge determined that Defendant has failed to demonstrate any of the three requirements for a collateral attack under 8 U.S.C. § 1326(d). (R&R, at 7-15.) The magistrate judge further determined that Defendant's Second Motion to Dismiss should be denied, because case law indicates that Defendant's prior conviction is an aggravated felony and because the motion concerns issues best addressed at sentencing. (*Id.* at 14 n.3.)

### III.  DISCUSSION

#### A.  Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D. Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

#### B.  Applicable Law

In *United States v. Mendoza-Lopez*, the Supreme Court held that the defendant in a § 1326 prosecution may challenge the underlying removal order if "fundamental procedural

defects of the deportation hearing" deprived the defendant of "their right to appeal." 481 U.S. 828, 841-42 (1987). Section 1326(d) codified three requirements for such a collateral attack:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order . . . unless the alien demonstrates that–
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). To prove that the removal order was "fundamentally unfair," the defendant "must show both 'a fundamental procedural error' and actual prejudice." *United States v. Santos-Pulido*, 815 F.3d 443, 445 (8th Cir. 2016) (quoting *United States v. Torres-Sanchez*, 68 F.3d 227, 229 (8th Cir. 1995)).

### C. Analysis

Defendant makes two main objections. First, Defendant argues that the magistrate judge erred in finding that Defendant did not demonstrate exhaustion of administrative remedies or the lack of an opportunity for judicial review of his 2005 administrative removal order. (Objs., at 3-5.) Second, Defendant argues that, because Defendant's Ohio robbery conviction is not an aggravated felony, the magistrate judge erred in finding that he did not demonstrate prejudice. (*Id.* at 5-12.)

Defendant objects to the magistrate judge's determination that Defendant failed to demonstrate exhaustion of available administrative remedies or that he has been deprived of judicial remedies. Defendant argues that the Court should look beyond the Form I-851 to

the "surrounding circumstances" and that the Government must show more to overcome a presumption against waiver.  (*Id.* at 3-4 (citing *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017).)  Defendant further argues that any waiver of administrative remedies or judicial review was not knowing and voluntary, because Form I-851 did not inform Defendant that he could challenge the legal basis for the removal, and because he was incarcerated, unrepresented, and did not speak English when he signed it.  (*Id.* at 4-5.)

The Court is not persuaded by Defendant's arguments.  Defendant asserts that the Government must produce evidence to rebut a presumption against waiver in a collateral attack under § 1326(d), but cites no binding authority for that proposition.  The law that does bind the Court is clear that Defendant carries the burden to show each of the three requirements for collateral attack.  8 U.S.C. § 1326(d); *see also United States v. Martinez-Amaya*, 67 F.3d 678, 681 (8th Cir. 1995) ("The law in this circuit . . . place the burden of proof on the alien seeking to collaterally attack the prior deportation to prove both (1) a due process defect in the prior deportation proceeding and (2) actual prejudice.").  The question is not whether the Government can show that Defendant waived his rights to administrative review of the removal decision, but whether Defendant can show that he exhausted his administrative remedies, and that he was deprived of the opportunity for judicial review.  8 U.S.C. § 1326(d).  Defendant has produced no evidence to demonstrate that either of these requirements is met.

Even if proof of waiver were required, the Form I-851 is adequate to show that Defendant waived his rights to administrative review.  The Court agrees with the magistrate judge's analysis, which considered in detail the disclosures of the form and the

5

language of the waiver that Defendant signed.  (*See* R&R, at 2-8.)  The available evidence in the record shows that Defendant was advised in Spanish of his right to seek counsel, the availability of free legal resources, and his rights to administrative and judicial review of the removal decision.[1]  (*See* Gov't Resp., Ex. A (Notice and Removal Order).)  He affirmatively selected to waive these rights.  (*Id.* at 3.)

The requirements of collateral review under § 1326(d) are conjunctive, so Defendant's failure to demonstrate any one requirement is fatal to his argument.  Nonetheless, the Court will also consider Defendant's objection to the magistrate judge's conclusion that he has not demonstrated prejudice from the alleged due process violation.  The magistrate judge determined that Defendant cannot demonstrate prejudice because the Sixth Circuit has recognized his robbery conviction as a violent crime, and that it meets the statutory definition of "aggravated felony," rendering him presumptively deportable and ineligible for voluntary departure.  (R&R, at 13-15.)  Defendant argues that his robbery conviction is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), because it does not involve the "use, attempted use, or threatened use of force," as required by *Johnson v. United States*, 559 U.S. 133 (2010).  (Objs., at 9-12.)  Thus, Defendant argues, he suffered prejudice because the administrative proceeding lacked jurisdiction and Defendant was not afforded the opportunity to seek voluntary departure.  (*Id.* at 5-8.)

---

[1] Defendant argues that the language in Form I-851 did not provide notice that Defendant could challenge the legal basis for his removal.  (Objs., at 4.)  The Court agrees with the magistrate judge that Form I-851 clearly stated that Defendant had the right to rebut the charge in the administrative proceeding, which encompasses both factual and legal challenges to the basis for removal.  *See United States v. Aragon-Ruiz*, 551 F. Supp. 2d 904, 924 & n.12 (D. Minn. 2008).

Ohio Revised Code § 2911.02(A)(2), under which Defendant was convicted, states, "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall . . . [i]nflict, attempt to inflict, or threaten to inflict physical harm on another." Defendant was deported based upon the finding that this conviction is an "aggravated felony as defined in . . . 8 U.S.C. § 1101(a)(43)." (Gov't Resp., Ex. A (Notice and Removal Order, at 1).) The Government argued that Defendant's robbery conviction is an aggravated felony because it is a "crime of violence" with a term of imprisonment of at least one year. (*Id.* at 9 (citing 8 U.S.C. § 1101(a)(43)(F)).) 18 U.S.C. § 16(a) defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[2]

In *United States v. Patterson*, the Sixth Circuit Court of Appeals held that Ohio's crime of aggravated robbery as described in Ohio Revised Code § 2911.01(A)(1) necessarily encompassed Ohio's crime of robbery under Ohio Revised Code § 2911.02(A)(2). 853 F.3d 298, 302-03 (6th Cir. 2017). This, the court held, was "enough to show that Patterson's three aggravated robbery convictions required proof of 'the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at 303 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

The Court agrees that Defendant's robbery conviction under Ohio Revised Code § 2911.02(A)(2), requiring infliction, intended infliction, or attempted infliction of physical

---

[2] The United States Supreme Court recently held that a different part of the statute defining a "crime of violence"—18 U.S.C. § 16(b), commonly referred to as the "residual clause"—is unconstitutionally vague. *See Sessions v. Dimaya*, No. 15-1498, 2018 WL 1800371 (U.S. Apr. 17, 2018). The magistrate judge did not evaluate Defendant's conviction under § 16(b), and the Court does not apply it here.

harm, appears to meet one of the statutory definitions of a "crime of violence." *Id.*; *United States v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012) ("One can knowingly cause or attempt to cause physical harm—i.e., physical injury—to another only by knowingly using or attempting to use physical force—i.e., force capable of causing physical injury."); *see also United States v. Rice*, 813 F.3d 704, 705-06 (8th Cir. 2016) (holding that causing bodily injury requires the use of physical force). Thus, Defendant cannot show prejudice from his removal for conviction of an aggravated felony. *See United States v. Mendez-Morales*, 384 F.3d 927, 931-32 (8th Cir. 2004) ("Prejudice in this context means 'a reasonable likelihood that but for the errors complained of the defendant would not have been deported.'" (internal citation omitted)).

Defendant has failed to demonstrate the three requirements for a collateral attack of his underlying deportation under 8 U.S.C. § 1326(d). Therefore, the Court will adopt the magistrate judge's recommendation and deny his First Motion to Dismiss. Further, his Second Motion to Dismiss fails because it raises issues that should be determined if and when he is sentenced. *See Aragon-Ruiz*, 551 F. Supp. 2d at 910.

## IV. ORDER

The Court **OVERRULES** Defendant's Objections [Doc. No. 33] and **ADOPTS** the Magistrate Judge's March 8, 2018 Report and Recommendation [Doc. No. 32]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Raymundo Aulis Morales's Motion to Dismiss [Doc. No. 17] is **DENIED**; and

2. Defendant Raymundo Aulis Morales's Motion to Dismiss [Doc. No. 18] is **DENIED**.

Dated:     April 19, 2018                    <u>s/Susan Richard Nelson</u>
                                             SUSAN RICHARD NELSON
                                             United States District Court Judge